STEVEN T. JAFFE, ESQ.
Nevada Bar No. 007035
sjaffe@lawhjc.com
JASON R. WIGG, ESQ.
Nevada Bar No. 007953
jwigg@lawhjc.com
STUART J. TAYLOR
Nevada Bar No. 14285
staylor@lawhjc.com

**HALL JAFFE & CLAYTON, LLP**
7425 PEAK DRIVE
LAS VEGAS, NEVADA 89128
(702) 316-4111
FAX (702) 316-4114

*Attorneys for Defendants/Third-Party
Plaintiffs Legacy Transportation Systems,
LLC, Angeles Transportation, LLC &
Leoncio Angeles*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| SARAH DIXON,<br><br>Plaintiff,<br><br>vs.<br><br>LEGACY TRANSPORTATION SYSTEMS, LLC,; a Utah Limited Liability Company; ANGELES TRANSPORTATION, LLC; a Utah Limited Liability Company, LEONCIO ANGELES,<br><br>Legacy.<br>_____<br><br>ALL RELATED THIRD-PARTY CLAIMS | CASE NO.  2:15-cv-01359-JAD-PAL<br><br>**DEFENDANTS'/THIRD-PARTY PLAINTIFFS' MOTION TO STRIKE PLAINTIFF'S EXPERT KATHLEEN SMITH** |

Defendants/Third-Party Plaintiffs LEGACY TRANSPORTATION SYSTEMS, LLC,

ANGELES TRANSPORTATION, LLC, and LEONCIO ANGELES (hereinafter collectively

"Legacy"), through undersigned counsel, hereby move this Court for an Order Striking Plaintiff's

expert, Kathleen Smith, pursuant to Rules 26 and 16.1 of the Federal Rules of Civil Procedure.

///

///

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2

### I.   FACTUAL SUMMARY

3

4

5

6

7

Legacy Transportation is a Utah-based trucking company that had, at the time of the accident, entered into a "trip lease" agreement with Angeles Transport for the lease of both a tractor and a driver, namely, Leoncio.  On the afternoon of August 11, 2013, Leoncio operated his tractor-trailer southbound on I-15 on his way to Brea, California, to make a delivery.  The heavy traffic that afternoon was moving slowly.

8

9

10

11

12

13

14

Also traveling southbound on I-15 were Third-Party Defendant, Ryan Richards, and Plaintiff, Sarah Dixon, returning to California after visiting Las Vegas.  Richards drove a black, 2-door, 2009 Mitsubishi Eclipse with Plaintiff in the passenger's seat.   For reasons currently unknown, Richards, while heavily intoxicated, began recklessly driving at very high speeds, southbound on the paved shoulder of I-15 to the right of the number 3 travel lane.  *See* Plaintiff's Complaint [Dkt. #3] at p.2:21.  Investigation revealed that Richards drove on the shoulder at speeds estimated at upwards of eighty miles per hour.

15

16

17

18

19

20

21

22

23

24

Plaintiff alleges that Leoncio drove the tractor on the freeway's shoulder, based on Richards' testimony.  Leoncio denied this allegation in his answer to Plaintiff's complaint and, he continued to dispute it in verified answers to Plaintiff's first set of Interrogatories and in deposition, and he continually denied driving his vehicle into the emergency lane until after the accident occurred.  Richards admits that he lost control of the Mitsubishi in the loose gravel adjacent to the emergency lane, then steered left, whereupon the car began rotating counter-clockwise, then crossed over the right paved shoulder.  The passenger-side of the car then struck the rear of a 2008 Jeep Liberty being driven by non-party Ana Bertha Parra-Palma.  Leoncio's tractor was unscathed in the accident.  The Nevada Highway Patrol confirmed after the accident that Richards had been driving while under the influence of alcohol at the time of the incident.

25

26

27

28

Plaintiff disclosed Dr. Kathleen Smith as an expert physician in this matter.  Dr. Smith failed to comply with the court rules in many ways.  Specifically, she failed to sign the document identified as a report, the supposed report lacked any structure suggesting it was a report as opposed to a series of notes, and various other violations set forth in this brief.

Legacy now asks this Court to enter an order striking Kathleen Smith as an expert witness. This Motion should be granted, because 1) Plaintiff failed to properly disclose Dr. Smith as an expert as she did not submit an expert report pursuant to FRCP 26; and, 2) Plaintiff's failure to properly disclose an expert report for Dr. Smith under FRCP 26 will result in severe prejudice to Legacy.  In the alternative, if the court allows Dr. Smith to testify in a full or limited capacity; or, if the court defers the ruling on Legacy's motion, Legacy now seeks an order extending the discovery deadline or otherwise allowing for the deposition of Dr. Smith, with a further self-executing order that she be precluded from testifying if she fails to appear for the completion of the deposition on the date mutually agreed upon and set.

## II.     STATEMENT OF FACTS RELEVANT TO MOTION

On November 16, 2015, the court issued a Joint Proposed Discovery Plan and Scheduling Order.  **Exhibit 1**.  Pursuant to this Order, the court required expert disclosures by the parties on April 18, 2016; rebuttal expert disclosures on May 18, 2016; and, discovery closed on June 13, 2016.  ***Id***.  On April 19, 2016, the court accepted the parties' Stipulation for Extension of Time to Complete Discovery (First Request).  **Exhibit 2**.   On September 1, 2016, the court accepted and confirmed the parties' Stipulation for Extension of Time to Complete Discovery (Second Request).  **Exhibit 3**.  This Order mandated expert disclosures on October 21, 2016; rebuttal expert disclosures on November 21, 2016; and, discovery closed on December 20, 2016.

On October 21, 2016, Plaintiff timely served her Second Supplemental Expert Disclosure (the "Disclosure"), in which she disclosed, *inter alia*, Kathleen Smith, MD, as an expert witness. Plaintiff's Second Supplemental Expert Disclosure, **Exhibit 4**.  **The Disclosure failed to include the required written report *prepared, signed, and dated* by Dr. Smith**.  ***Id.***.  The Disclosure failed to provide a summary of how Plaintiff will rely on Dr. Smith at trial.  ***Id***.  Rather, the Disclosure states that the "opinions [Dr. Smith] will express and the basis and reason for them" are included on the Bates stamped exhibits "SD001233 – SD001302" (the "Exhibits").  ***Id***.  The Exhibits include a summary of the State of Nevada Traffic Accident Report, the Mercy Air evacuation, the University Medical Center treatment and recovery, the Health South In-Patient Rehab treatment and recovery, and the Camp Pendleton Out-Patient Rehab treatment and

recovery.  **Exhibit 5**.  After some of the summaries, there is a very brief comment as to the care given, presumably authored by Dr. Smith.  **Id**.

The Disclosure further states that the "facts or data considered by [Dr. Smith] in forming" her summaries and comments in the Exhibits are included in the Bates stamped exhibits "SD000001-SD001110."  **Ex. 4**.  Additionally, the Disclosure indicates that the "exhibits that will be used to summarize or support" Dr. Smith's summaries and comments in the Exhibits are included in the Bates stamped exhibits "SD000001-SD001110."  **Id**.

Legacy now seeks an order precluding Dr. Smith from offering expert opinions during the trial of this matter.  Dr. Smith failed to comply with the court rules related to proper expert disclosures contained within the Federal Rules of Civil Procedure.  This fatal failure warrants the sanction of precluding Dr. Smith as a testifying expert.

**III.    ARGUMENT**

Legacy now asks this Court to enter an Order striking Kathleen Smith as an expert witness.  The Court should grant this Motion, because 1) Plaintiff failed to properly disclose Dr. Smith as an expert, as she failed to submit an expert report complying to FRCP 26; and, 2) Plaintiff's failure to properly disclose an expert report for Dr. Smith under FRCP 26 will result in severe prejudice to Legacy.  In the alternative, if the Court allows Dr. Smith to testify or defers the ruling on Legacy's motion, Legacy now seek an order 1) extending the discovery and rebuttal expert deadlines or 2) otherwise allowing for Legacy to obtain a rebuttal expert report and depose Dr. Smith, with a further self-executing order that she be precluded from testifying if she fails to appear for the completion of the deposition on the date mutually agreed upon and set.

**A.    Legal Standard for a Motion to Strike an Expert Witness**

This court should grant Legacy's motion to strike to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial.  ***Sidney-Vinstein v. A.H. Robins Co.***, 697 F.2d 880, 885 (9th Cir. 1983).  Motions to strike serve "to clean up the pleadings, streamline litigation, and avoid unnecessary forays into immaterial matters."  ***McInerney v. Moyer Lumber & Hardware, Inc.***, 244 F. Supp. 2d 393, 402 (E.D. Pa. 2002).

A district court "has wide discretion in controlling discovery." ***Ollier v. Sweetwater Union High Sch. Dist.***, 768 F.3d 843, 862 (9th Cir. 2014) (citing ***Jeff D. v. Otter***, 643 F.3d 278, 289 (9th Cir. 2011)). The Ninth Circuit "gives particularly wide latitude to the district court's discretion to issue sanctions under Rule 37(c)(1)," which is "a recognized broadening of the sanctioning power." ***Id***. at 859. Rule 37(c) authorizes sanctions for a party's failure to make disclosures or cooperate in discovery:

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.

**FRCP 37(c)(1)**.

Rule 37 give "teeth" to Rule 26's mandatory disclosure requirements by forbidding the use at trial of any information that is not properly disclosed. ***Ollier***, 768 F.3d at 861. Rule 37(c)(1) is a "self-executing, automatic" sanction designed to provide a strong inducement for disclosure. ***Goodman v. Staples, The Office Superstore***, 644 F.3d 817, 827 (9th Cir. 2011). Exclusion of an expert's testimony for failure to comply with the requirements of Rule 26(a) is a sanction available to the district court even in the absence of a showing of bad faith or willfulness. ***Langermann v. Prop. & Cas. Ins. Co. of Hartford***, 2015 WL 4724512, at *2–3 (D. Nev. Aug. 10, 2015).

**B.      The Court Should Strike Doctor Kathleen Smith as an Expert**

The Court should strike Dr. Smith as an expert in this matter, because 1) Plaintiff failed to properly disclose her as an expert and she never submit an expert report compliant with the mandates of FRCP 26; and, 2) Plaintiff's failure to properly disclose an expert report under FRCP 26 will result in severe prejudice to Legacy.

*1.      Dr. Smith failed to properly disclose an expert report as required by FRCP 26.*

The Court must now strike Dr. Smith as an expert, because she violated the Rule 26 mandate that in the course of pretrial discovery, a party shall disclose to other parties the identity of any person who may be used at trial to present evidence under FRCP 702, 703, or 705. **FRCP 26(a)(2)(A)**. Rule 26 disclosure of expert witnesses requires that the parties' expert designation

must include a **written report prepared and signed by the witness**, which shall contain:

(i) **a complete statement of all opinions the witness will express and the basis and reasons for them**;

(ii) the data or other information considered by the witness in forming them;

(iii) any exhibits that will be used to summarize or support them;

(iv) the witnesses's qualifications, including a list of all publications authored in the previous 10 ears;

(v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and

(vi) a statement of the compensation to be paid for the study and testimony in the case.

**FRCP 26(a)(2)(B)**.

On October 21, 2016, the deadline for expert disclosures in this case, Plaintiff served the Disclosure, improperly identifying Dr. Smith as an expert.  **Ex. 4**.  The Disclosure neglected to include the required written report prepared, signed, and dated by Dr. Smith, and fails to set forth how Dr. Smith will testify or be used at trial.  *Id.*  The closest thing setting forth Dr. Smith's opinions are the very brief comments located after some of the summaries included in the Exhibits.  **Ex. 5**.  Nevertheless, these do not constitute a report or put Legacy on notice as to what Dr. Smith's expert opinions are in relation to this matter.  *See id.*

FRCP 37(c)(1) prescribes the consequences of failing to comply with Rule 26(a):

If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard:

(A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure;

(B) may inform the jury of the party's failure; and

(C) may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)-(vi).

FRCP 37(c)(1).  The Ninth Circuit clearly ruled that the court properly excludes Dr. Smith for failure to disclose a proper report.  ***Goodman v. Staples The Office Superstore, LLC***, 644 F.3d 817, 826–27 (9th Cir. 2011); ***Quevedo v. Trans-Pac. Shipping, Inc.***, 143 F.3d 1255, 1258 (9th Cir. 1998).

In ***Elgas v. Colorado Belle Corp.***, 179 F.R.D 296, 300 (D. Nev. 1998), this Court struck an expert witness designation under Rule 26 for the party's failure to list the prior cases in which the expert testified during the prior four years.  *Id.*  The Court explained, "[t]he reason for requiring expert reports is the elimination of unfair surprise to the opposing party and the conservation of resources."  *Id.* at 299.  In determining a proper expert report, courts look to whether it was sufficiently complete, detailed and in compliance with the Rules so that surprise is eliminated, unnecessary depositions are avoided, and costs are reduced.  *Id.*  Furthermore, Rule 26(a)(2)(B) appears "to require exact compliance in all particulars with the disclosures" requirement.  ***Id.*** (citing ***Sullivan v. Glock, Inc.***, 175 F.R.D. 497, 503 (D. Md. 1997)).

Plaintiff's Disclosure of Dr. Smith failed to contain a detailed report, and Dr. Smith never disclosed any report that she ***prepared, signed and dated***.  The purported report is not signed and dated by Dr. Smith; and, it does not contain a complete statement of all opinions the witness will express and the basis and reasons for them.

The purported report fails to eliminate the surprise of Dr. Smith's testimony, because Legacy is completely oblivious as to what Dr. Smith will potentially testify about at trial.  It lacks detail or completeness of opinion, thereby forcing Legacy to take Dr. Smith's testimony completely blind as to her opinions, to clarify and explain her opinions, exonerating Plaintiff of the role imposed on her by the court rules and shifting that burden unfairly to Legacy.  As such, Dr. Smith never disclosed a proper expert report as required under FRCP 26 and, thus, Plaintiff failed to properly disclose Dr. Smith as an expert.  For these reasons, the court must strike Dr. Smith as an expert witness.

> 2.   *Dr. Smith's failure to disclose an expert report will result in severe prejudice to Legacy.*

The court should strike Dr. Smith as an expert witness, because Plaintiff's failure to

properly disclose an expert report under FRCP 26 results in severe prejudice to Legacy.  Pursuant to Rule 26, a party may depose any person who has been identified as an expert whose opinions may be presented at trial.  FRCP 26(b)(4)(A).  If the witness is required to submit an expert report, the deposition may be conducted only after the report is provided.  *Id*.  When an expert report fails to meet the FRCP standards, the unfair surprise and burden of being forced to conduct a deposition to discover an expert's opinions are particularly great.

Plaintiff's failure to properly disclose Dr. Smith's expert report pursuant to FRCP 26 will result in severe prejudice to Legacy, because: 1) there is no way to depose Dr. Smith until a proper report is issued; 2) Legacy will be completely blindsided by Dr. Smith deposition testimony without having some basis for Dr. Smith's opinions in an expert report; and, 3) Legacy has no means to properly produce and disclose a rebuttal expert without knowing Dr. Smith's opinions.

Only one month prior to the discovery cutoff in this matter, and nearly a month past the expert disclosure deadline, Plaintiff produced no report from Dr. Smith.  Legacy remains unable to depose Dr. Smith until she provides a proper expert report, leaving Legacy completely unable to prepare for her testimony at trial.  Legacy will have no opportunity to defend against Dr. Smith's opinions if reports are belatedly prepared, and will be prejudiced by complete surprise as to these opinions if Legacy's counsel takes Dr. Smith's depositions.  Legacy remains unable to disclose a rebuttal expert opinion when Dr. Smith's Disclosure contains no statement of Dr. Smith's opinions.

Finally, Plaintiff will gain an unfair advantage simply by not following the FRCP as Legacy will not have been able to sufficiently prepare for, counter, or rebut Dr. Smith's testimony, if the court refuses to preclude Plaintiff from offering Dr. Smith's testimony at trial. Allowing this expert runs completely contrary to the purpose of FRCP disclosure rules and result in Legacy likely being sandbagged by Dr. Smith's testimony at trial.  Plaintiff had nearly a year to find, prepare, and disclose Dr. Smith as an expert.  In fact, the parties, with court approval, extended expert disclosure deadlines on two occasions, providing further opportunities to Plaintiff to properly disclose Dr. Smith as an expert.  Instead, Plaintiff waited until the last day of expert

disclosures to improperly disclose Dr. Smith.

Plaintiff seeks an unfair advantage by failing to comply with the court rules regarding expert disclosures. Therefore, the court must strike Dr. Smith as an expert witness and Plaintiff should be precluded from offering her testimony at trial.

> **C.** **If The Court Declines To Strike Doctor Smith At This Time Or Defers The Ruling On Legacy's Motion, Legacy Is Entitled To Conduct The Deposition Of Dr. Smith And The Opportunity to Obtain a Rebuttal Expert Report**

As noted above, Plaintiff disclosed Dr. Smith the last day prior to expert disclosures. Under optimum circumstances in which a proper expert report was disclosed, it would be difficult to depose Dr. Smith with so little time before the close of discovery. Nevertheless, in this instance, such a feat was nearly impossible given that Legacy has no means to properly ascertain Dr. Smith's testimony or scope of opinions, given her failure to provide a sufficient report under FRCP 26. Additionally, given the late disclosure and the impossible feat of deciphering Dr. Smith's expert report opinions and deposing her, it was an insurmountable prospect to then properly find and disclose a rebuttal expert to Dr. Smith's report within the rebuttal disclosure deadline, just a month after the Dr. Smith's disclosure.

Legacy would be severely burdened and prejudiced if the court allows Dr. Smith to testify after a ruling on this motion, because there is now no time to depose Dr. Smith prior to the close of discovery. Consequently, if the Court allows Dr. Smith to testify or defers the ruling on Legacy's motion, Legacy alternatively seeks an order extending the rebuttal expert and discovery deadlines; or, otherwise allowing for Legacy the opportunity to obtain a rebuttal expert report and to depose Dr. Smith, with a further self-executing order that she be precluded from testifying if she fails to appear for the completion of the deposition on the date mutually agreed upon and set, outside the discovery deadline.

*///*

///

///

1    **IV.    CONCLUSION**

2          For the reasons stated herein, Legacy's Motion to Strike Plaintiff's Expert Dr. Kathleen

3    Smith should be granted. In the alternative, if the Court declines to strike Dr. Smith at this time or

4    defers the ruling on Legacy's motion, Legacy is entitled to conduct the deposition of Dr. Smith

5    and the opportunity to obtain a rebuttal expert report.

6          Dated this 30th day of December, 2016.

7                                        HALL JAFFE & CLAYTON

8                                        By: */s/ Steven T. Jaffe*
                                         STEVEN T. JAFFE
9                                        Nevada Bar No. 7305
                                         JASON R. WIGG, ESQ.
10                                       Nevada Bar No. 7953
                                         STUART J. TAYLOR
11                                       Nevada Bar No. 14285
                                         7425 Peak Drive
12                                       Las Vegas, NV 89128
                                         (702) 316-4111
13                                       *Attorneys for Defendants/Third-Party Plaintiffs*

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**CERTIFICATE OF SERVICE**

2

    The undersigned hereby certifies that on the 30th day of December 2016, the foregoing

3

**DEFENDANTS'/THIRD-PARTY PLAINTIFFS' MOTION TO STRIKE PLAINTIFF'S**

4

**EXPERT KATHLEEN SMITH** was duly served in accordance with the provisions of Rule 5(b)

5

of the Federal Rules of Civil Procedure to all parties or their attorney by the method indicated

6

below:

7

8

\_\_\_\_\_         by deposit thereof, enclosed in a post-paid, properly addressed wrapper, in a post office or an official depository under the exclusive care and custody of the United States Postal Service, to the address(es) set forth above.

9

10

\_\_\_\_\_         by hand delivery by handing it to each attorney or party or by leaving it at the attorney's office with a partner or employee at the office address(es) set forth above.

11

12

\_\_\_\_\_         by confirmed facsimile transmittal received at the facsimile number(s) set forth above prior to 5:00 p.m. this date, as evidenced by a facsimile transaction report.

13

  X        by electronic filing via ECF pursuant to the Administrative Procedures Governing the Filing and Service by Electronic Means of the United States District Court for the District of Nevada.

14

15

16

         */s/ Barbara Gracey*
        An Employee of HALL JAFFE & CLAYTON, LLP

17

18

19

20

21

22

23

24

25

26

27

28