UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

Sarah Dixon,

    Plaintiff

v.

Legacy Transportation Systems, LLC, et al,

    Defendants

ALL RELATED CLAIMS AND PARTIES

2:15-cv-01359-JAD-PAL

**Order**

ECF Nos. 41, 45, 78

This case arises from an August 2013 car accident on Interstate 15. Sarah Dixon was a passenger in a car driven by Ryan Richards. Traffic backed up, and while Richards was driving on the highway's shoulder, Leoncio Angeles moved the Legacy Transportation tractor-trailer he was driving into the car's path. Richards lost control of the car, and Dixon was injured.

Dixon settled with Richards—an ex-marine with no assets and a $400/month job—for his $15,000 insurance policy, and she filed this lawsuit against Angeles and Legacy. Angeles and Legacy filed a third-party complaint against Richards,[1] and I have denied Richards's requests to deem his settlement with Dixon a good-faith settlement that cuts off Angeles's and Legacy's contribution and indemnity rights.[2]

Angeles and Legacy now move me to deem Dixon a citizen of Illinois, not California as she originally pled,[3] and to compel Dixon to add Richards as a defendant for her claims.[4] Dixon

---

[1] ECF No. 12.

[2] ECF Nos. 30, 103 (minutes).

[3] ECF No. 41.

[4] ECF No. 45.

concedes that she is an Illinois citizen,[5] so I grant the motion to deem her one. But I deny the motion to force Dixon to sue Richards because he is not a necessary party who must be joined under FRCP 19, and defendants' rights against him in this lawsuit have been properly pled as third-party claims.

**Discussion**

**A.  Dixon concedes her Illinois citizenship.**

Angeles and Legacy move for a determination that Dixon—who calls Illinois home but was living on a Marine base in California at the time she filed this action because she was stationed there—is a citizen of Illinois for purposes of determining diversity jurisdiction.[6] Dixon moved back to Illinois shortly after filing this lawsuit, and she states that she "is willing to stipulate that . . . by the time the complaint was filed, [she] had decided to . . . move to Illinois. Had Defendants met and conferred regarding this issue, [Dixon] would have stipulated and avoided the time and effort of this . . . motion."[7] Because there is no dispute that Dixon is a citizen of Illinois, I grant the motion to determine this fact.

**B.  Third-party Richards is not a necessary party.**

Neither the plaintiff nor the defendants deny that Richards bears some liability for the accident and Dixon's injuries. Angeles and Legacy, who have filed third-party claims against Richards for indemnity and contribution, argue that Richards is a necessary party who must be joined as a defendant to Dixon's primary claims.[8]

Rule 19(a) of the Federal Rules of Civil Procedure requires an absent "person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction" to be joined as a party if, (A) in his absence, "the court cannot accord complete

---

[5] ECF No. 53 at 5.

[6] ECF No. 41.

[7] ECF No. 52 at 5.

[8] ECF No. 45. Plaintiff and Richards have opposed the motion. *See* ECF Nos. 53, 55.

2

relief among existing parties" or (B) he "claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may: (i) as a practical matter impair or impede the person's ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest."[9] There are three different ways for a party to qualify as necessary under Rule 19(a). "First, a person is necessary if, in his absence, the court cannot accord complete relief among existing parties."[10] "Second, a person is necessary if he has an interest in the action and resolving the action in his absence may as a practical matter impair or impede his ability to protect that interest."[11] "Third, a person is necessary if he has an interest in the action and resolving the action in his absence may leave an existing party subject to inconsistent obligations because of that interest."[12]

The first reason that Richards does not qualify as a necessary party under Rule 19 is that he does not meet the primary requirement for any of the three methods: he's not absent. The movants sued Richards as a third-party defendant. He answered that third-party complaint,[13] is represented by counsel, and has been participating in this lawsuit for nearly two years.

The mere desire to change the optics so that it appears to the jury that Dixon also chose to sue Richards is no basis to trigger Rule 19.[14] Angeles and Legacy's rights to force Richards to

---

[9] Fed. R. Civ. P. 19(a)(1).

[10] *Salt River Project Agr. Imp. and Power Dist. v. Lee*, 672 F.3d 1176, 1179 (9th Cir. 2012) (citing Fed.R.Civ.P. 19(a)(1)(A)).

[11] *Id*. (citing Fed.R.Civ.P. 19(a)(1)(B)(i)).

[12] *Id*. (citing Fed.R.Civ.P. 19(a)(1)(B)(ii)).

[13] ECF No. 19.

[14] *See Albers v. Sprayrite Manufacturing Co.*, 115 F.R.D. 579 (N.D. Indiana 1987) (denying request to "join" third party defendants to make them defendants, reasoning that the third-party defendants were not "absent" parties and that "Sprayrite has not demonstrated a single prejudice which results from the relevant parties being third-party defendants instead of defendants under the plaintiffs' complaint.").

take on more than his $15,000 share of Dixon's damages are adequately protected by their third-party contribution and indemnity claims, which are being pursued to great judicial economy in this single lawsuit. And Richards has no risk of having his interest impaired because he's actively participating in this case.

Forcing Dixon to pursue her claims against Richards would also ignore the reality that Dixon no longer has claims against Richards because she settled those claims and accepted a settlement payment. Although my denial of the motion for good faith settlement prevents Richards from getting out of this case entirely, and he still must defend Legacy and Angeles's third-party claims for indemnity and contribution, deeming Richards a defendant to Dixon's claims would result in an unwarranted mischaracterization of the posture of this action. The plaintiff gets to choose which tortfeasors she wants to sue and which tortfeasors she wants to settle with. Defendants have offered me no authority that suggests that a plaintiff can be forced to file suit against all of the tortfeasors responsible for an injury, particularly when she's already settled with some of them.[15] The United States Supreme Court has recognized that "It has long been the rule that it is not necessary for all joint tortfeasors to be named as defendants in a single lawsuit. . . . The Advisory Committee Notes to Rule 19(a) explicitly state that 'a tortfeasor with the usual joint-and-several liability is merely a permissive party to an action against another with like liability.'"[16] And nobody here is arguing for permissive joinder.

In sum, Richards does not qualify as a necessary party who must be joined under Rule 19(a). The defendants' motion to compel his joinder as a defendant or dismiss this case is thus denied.

---

[15] *See Timbrook v. Metzeler Automotive Profile Sys.*, 209 F.R.D. 154 (S.D. Iowa 2002) (denying joinder and finding that third-party practice was the more appropriate method for resolving indemnity and contribution claims, reasoning, "Metzeler has not referred the Court to any case [that] has held that an absent party who may be jointed permissively by the movant as a third-party defendant is also an indispensable party who must be joined as a defendant to the plaintiff's claim over plaintiff's objection.").

[16] *Temple v. Synthes Corp., Ltd.*, 498 U.S. 5, 7 (1990) (internal quotation marks omitted).

**C. Leave to supplement is denied.**

Finally, I note that the defendants moved to supplement their motion to compel Richards's joinder to add a rebuttal report and additional deposition testimony.[17] Because this information has no bearing on the basis for my denial of the motion for joinder—it can't possibly show what the docket clearly reflects: Richards is not absent from this case; he's an active third-party defendant, and defendants' rights against him are being protected by their third-party claims—I find that the supplement will not aid my analysis of the salient issues here, and I deny the motion to supplement.

## Conclusion

Accordingly, IT IS HEREBY ORDERED that the Motion to Determine Plaintiff's Domicile **[ECF No. 41] is GRANTED**;

IT IS FURTHER ORDERED that the Motion to Compel Joinder of Third Party Defendant as a Necessary Party under FRCP 19 or to Dismiss **[ECF No. 45] is DENIED**;

IT IS FURTHER ORDERED that the Motion for Leave to Supplement **[ECF No. 78] is DENIED**.

DATED: June 8, 2017

_____
Jennifer A. Dorsey
United States District Judge

---

[17] ECF No. 78.