UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| SARAH DIXON,<br><br>              Plaintiff,<br>v.<br><br>LEGACY TRANSPORTATION SYSTEMS, LLC, et al.,<br><br>              Defendants. | Case No. 2:15-cv-01359-JAD-PAL<br><br>ORDER<br><br>(Mot Strike – ECF No. 101) |

Before the court is Defendants'/Third-Party Plaintiffs' Motion to Strike Dr. Kathleen D. Smith Hamilton's Supplemental Report; or, Alternatively, for Further Relief and Sanctions (ECF No. 101). The court has reviewed the motion, and Plaintiff's Opposition (ECF No. 107). No reply was filed and the time for filing a reply has expired. The court also heard oral argument from counsel at a hearing conducted September 5, 2017. Eric Dobberstein appeared on behalf of plaintiff, Benjamin Carman appeared on behalf of defendant Ryan Richards, and Steven Jaffe and Jason Wigg appeared for the remaining defendants.

## **BACKGROUND**

This case involves an August 13, 2013 multi-vehicle collision on I-15 south of Las Vegas between Jean and Primm, Nevada. Plaintiff Sarah Dixon ("Dixon") was a passenger in a 2009 Mitsubishi being driven by her then-boyfriend, defendant Ryan Richards ("Richards"). Both Dixon and Richards were in the United States Marine Corps at the time and returning to Camp Pendleton after a trip to Las Vegas. Defendant Leoncio Angeles ("Angeles") was driving a tractor trailer leased from defendant Legacy Transportation Systems, LLC ("Legacy"). The Mitsubishi and tractor trailer collided. The parties dispute who was at fault for the accident. Plaintiff claims that Angeles suddenly pulled his tractor trailer into the emergency lane blocking the Mitsubishi

1

being driven by Richards as Richards was in the process of trying to merge back into freeway traffic. Plaintiff clams Richards was forced out of the emergency lane to avoid hitting the tractor trailer, lost control, and swerved onto the freeway striking two vehicles before ending up stopped in the middle traffic lane. Plaintiff claims Angeles was cited and pled guilty to making an unsafe lane change and is at fault for the accident. Legacy claims that Richards was at fault for the accident because he was highly intoxicated, and driving recklessly at a high rate of speed on the shoulder of the road. What is not disputed is that Dixon was airlifted from the accident to UMC where she was treated for life-threatening injuries.

The Complaint (ECF No. 1) in this case was filed July 17, 2015. The parties requested and received special scheduling review when the court approved a joint proposed Discovery Plan and Scheduling Order (ECF No. 23) on October 21, 2015. The initial discovery plan and scheduling order established an April 18, 2016 deadline for disclosure of experts, and a June 13, 2016 deadline for completing discovery. The parties requested and received two extensions of the discovery plan and scheduling order deadlines extending the deadline for disclosure of experts until May 31, 2016, and later to October 21, 2016. A third stipulation to extend the deadlines was filed by the parties on December 19, 2016 (ECF No. 39). At a hearing held on January 10, 2017, on their third request for extension, the court was dissatisfied with the parties' discovery progress and required the parties to schedule all remaining discovery and inform the court of what specific discovery was still needed to be completed as well as proposed schedule for completing that discovery. *See* Minutes of Proceedings (ECF No. 49). The court was also skeptical about defendants' claims they should receive another extension of the expert disclosure deadline because they had been unable to retain a trucking standard of care expert because their own client, Angeles, had not yet been deposed. The parties submitted a stipulated discovery plan and proposed order which the court approved extending the deadline for defendant to disclose a trucking standard of care expert until February 17, 2017. However, all other initial expert disclosures were closed.

This litigation has become increasingly contentious, and the court has decided many, many discovery disputes. It is apparent that there have been communication breakdowns among counsel that have contributed to counsel imputing bad faith and ill motives to one another that have resulted

in an inordinate amount of motion practice on matters counsel would ordinarily work out among themselves without judicial intervention.

## **DISCUSSION**

In the current motion, defendants seek to strike Dr. Kathleen Hamilton Smith's supplemental report, or alternatively, for further relief and sanctions. Dr. Smith disclosed her initial report by the October 21, 2016 expert disclosure deadline. On April 4, 2017, Dr. Smith was deposed. After her deposition, defendants learned that she had prepared a March 28, 2017 supplemental report which counsel for plaintiff served by mail March 31, 2017. Counsel for Legacy indicated that, pursuant to his office procedures, his secretary sent him the report at 4:51 p.m. on April 4, 2017, after the conclusion of Dr. Smith's deposition. During oral argument counsel for Legacy explained that office procedure is for staff to electronically scan documents received and then forward them to the assigned attorneys the same day they are received.

Dr. Smith's supplemental report states that she reviewed plaintiff's Las Vegas treatment bills and found they were reasonable and customary for this geographical area. However, although she reviewed the bills submitted from the U.S. Navy for services rendered, as a civilian doctor she offered no opinion regarding the Navy's billing practices. Defendants argue that this is an opinion that should have been disclosed with her initial expert report on October 21, 2016. Additionally, defendants assert that because her report does not contain language that she reached her opinion to a reasonable degree of medical probability, and states only that she "feels" the bills are reasonable and customary, the court should strike and exclude her from testifying that plaintiff's Las Vegas medical billings from UMC, Mercy Air and Desert Canyon Rehab are reasonable and customary for this geographic area.

Plaintiff opposes the motion pointing out that defendants have mounted a series of challenges to plaintiff's experts rather than trying to defend the case on the merits. Counsel for plaintiff acknowledges that Dr. Smith's supplemental report was served by mail on March 31, 2017. On April 6, 2017, defense counsel advised plaintiff's counsel that the defendants had not received Dr. Smith's supplemental report before her April 4, 2017 deposition. Although counsel for plaintiff finds this hard to believe, he acknowledges that defense counsel did not ask Dr. Smith

any question about the bills and her supplemental opinions at her deposition. During oral argument counsel for plaintiff conceded that the supplemental report should not have been served by mail days before the deposition. He was not the lawyer responsible for the case at that time and no explanation for why the report was not emailed or sent by fax, and brought to opposing counsel's attention before the April 4, 2017 deposition. He acknowledged this would have been the professional thing to do. However, he represented that the associate who attended the deposition and discussed the matter with opposing counsel two days later offered to allow defendants to depose Dr. Smith a second time at plaintiff's expense. Counsel for plaintiff acknowledges that plaintiff offered to make Dr. Smith available for a second deposition regarding her supplemental report but disputes that plaintiff offered to pay for the deposition costs.

Counsel for plaintiff also argues that the same thing happened at the deposition of Leoncio Angeles. Defendants failed to timely produce needed records before his deposition. Plaintiff spent months trying to get records prior to the deposition set on November 18, 2016. The documents were produced minutes before the deposition and lacked data needed to cross-examine the witness making the documents virtually useless. As a result, plaintiff now had to fly to Utah to take Mr. Angeles' continued deposition. Plaintiff did not file a motion over the issue, but defendants file motions at every opportunity.

Counsel for plaintiff acknowledges that the court has discretion to exclude a supplemental report under Rule 37(c)(1), but argues Legacy has clearly adopted an exclusion strategy and seeks to run out the clock and then complain about information not received. Counsel for plaintiff points out that his motion was not filed until nearly two months after Dr. Smith was deposed. Even if the supplemental report does not meet some technical requirements of Rule 37 and Rule 26, defendants have had more than sufficient time to request an extension to depose Dr. Smith a second time. Dr. Smith is qualified to render the opinions provided in her supplemental report, and defendants have been provided fair notice of those opinions. The court should therefore deny the motion because Legacy is the victim of its own tactics and gamesmanship.

The court finds the opinions expressed in Dr. Smith's supplemental report should have been disclosed by the deadline for filing initial disclosures. However, the supplemental opinion

was prepared and served before her deposition was taken. Counsel should have brought the supplemental report to the attention of opposing counsel, and provided a copy before Dr. Smith's April 4, 2017 deposition. The failure to timely disclose her supplement was not substantially justified. However, the court finds that under the totality of the circumstances in this case exclusion of Dr. Smith's supplemental report opinion is too harsh of a sanction. Counsel for plaintiff offered to make Dr. Smith available for a second deposition two days later when he learned opposing counsel had not received the supplemental report before the deposition. This offer was made before the expiration of the discovery cutoff. Defense counsel elected to file this motion to exclude nearly two months after Dr. Smith's deposition was taken rather than accept plaintiff's offer with no explanation other than "defendants are entitled to hold plaintiff to her burden of proof."

Defendants received leave and an extension of the expert disclosure deadline to retain and disclose an expert on the trucking industry standard of care which plaintiff's counsel was courteous enough not to oppose. The court approved the parties' fifth stipulation to extend the discovery cutoff for the limited purpose of completing three depositions necessitated by a family emergency of defense counsel responsible for defending the depositions. These were the depositions of Defendant Angeles, his son Kevin (who was in the rig and a percipient witness at the time of the accident), and Legacy's Rule 30(b)(6) designee. Plaintiff started Mr. Angeles' deposition in Salt Lake City where he lives, but was unable to complete the deposition because records plaintiff's counsel had been requesting for months were not produced until minutes before the deposition, and were incomplete. Plaintiff's counsel did not file a motion for sanctions for the additional cost of re-deposing the witness and instead worked with opposing counsel to reschedule. The stipulation to take these 3 defense witnesses was filed May 23, 2017, the day before the current motion was filed. From the court's perspective this motion was unnecessary. This dispute could have and should have been resolved without judicial intervention by reasonable attorneys acting reasonably.

Finally, defendants' own medical expert, Dr. Mary Ann Shannon, reviewed all of plaintiff's medical records and prepared her own report by the initial expert disclosure deadline.

She later prepared two supplemental reports as additional information learned in discovery became available. Plaintiff did not object to these supplemental reports as untimely or file motions to exclude them. It is clear from Dr. Shannon's report that she received and reviewed all of plaintiff's billing records. Dr. Shannon's medical review and report describes the injuries plaintiff sustained: multiple chest injuries, liver laceration, spleen laceration and a displaced sacral fracture following blunt trauma caused by her cars [sic] impact into vehicles…" The report also describes the treatment plaintiff received as conservative and opines, *inter alia*, "Ms. Dixson successfully survived with no documented residuals." Thus. Dr. Smith's supplemental report opining that the medical bills are reasonable and customary for this area for care plaintiff received at UMC, Mercy Air, and Desert Canyon Rehab, for what defendants' own expert describes as conservative treatment, could hardly be a surprise to the defendant. If defendants genuinely dispute that the bills for this conservative treatment are reasonable and customary the court will mitigate any potential prejudice to the defendants for the late disclosure by allowing them to designate a rebuttal expert on the subject of Dr. Smith's supplemental report.

Having reviewed and considered the matter,

**IT IS ORDERED** that;

1. Defendants'/Third-Party Plaintiffs' Motion to Strike Dr. Kathleen D. Smith Hamilton's Supplemental Report; or, Alternatively, for Further Relief and Sanctions (ECF No. 101) is **GRANTED in part** and **DENIED in part**.
2. The motion to strike is **DENIED**.
3. The motion for sanctions is **GRANTED** to the extent alternative sanctions in the form of allowing defendants to depose Dr. Smith about her supplemental report at plaintiff's expense. Specifically, plaintiff will incur the costs of Dr. Smith's deposition fee, the reporter's appearance fee, an original and copy of the transcript.
4. The continued deposition is limited to a maximum of 1 hour and shall be scheduled as expeditiously as possible consistent with the schedules of the witness and counsel for the parties.

5. The defendants' oral request for leave to designate a rebuttal expert addressing Dr. Smith's supplemental report is **GRANTED**, and defendants shall have 45 days from Dr. Smith's deposition to serve plaintiff with a rebuttal expert report.
6. Counsel for the parties shall immediately meet and confer to schedule the deposition, reduce the agreed upon date on which Dr. Smith is first available to a stipulation and proposed order, and file it with the court.
7. Any request for relief not specifically addressed in this order is **DENIED.**

DATED this 6th day of September, 2017.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE