UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| SARAH DIXON,<br><br>　　　　　　　　　　Plaintiff,<br>v.<br>LEGACY TRANSPORTATION SYSTEMS, LLC, et al.,<br><br>　　　　　　　　　　Defendants. | Case No. 2:15-cv-01359-JAD-PAL<br><br>ORDER<br><br>(Mot Strike – ECF No. 130) |

Before the court is Plaintiff's Motion to Strike Legacy's Expert Witness Michael Dilich, or Alternatively, to Preclude Expert Testimony Regarding the Speed that Third-Party Defendant Ryan Richards was Traveling at the Time of the Collison [sic] Pursuant to FRE 702 (ECF No. 130). The court has reviewed the motion, Legacy Defendants' Opposition (ECF No. 141), and Plaintiff' Reply (ECF No. 148). The court also heard oral argument from counsel at a hearing conducted September 5, 2017. Eric Dobberstein appeared on behalf of plaintiff, Benjamin Carman appeared on behalf of defendant Ryan Richards, and Steven Jaffe and Jason Wigg appeared for the remaining defendants.

**BACKGROUND**

This case involves an August 13, 2013 multi-vehicle collision on I-15 south of Las Vegas between Jean and Primm, Nevada. Plaintiff Sarah Dixon ("Dixon") was a passenger in a 2009 Mitsubishi being driven by her then-boyfriend, defendant Ryan Richards ("Richards"). Both Dixon and Richards were in the United States Marine Corps at the time and returning to Camp Pendleton after a trip to Las Vegas. Defendant Leoncio Angeles ("Angeles") was driving a tractor trailer leased from defendant Legacy Transportation Systems, LLC ("Legacy"). The Mitsubishi and tractor trailer collided. The parties dispute who was at fault for the accident. Plaintiff claims

1

that Angeles suddenly pulled his tractor trailer into the emergency lane blocking the Mitsubishi being driven by Richards as Richards was in the process of trying to merge back into freeway traffic. Plaintiff clams Richards was forced out of the emergency lane to avoid hitting the tractor trailer, lost control, and swerved onto the freeway striking two vehicles before ending up stopped in the middle traffic lane. Plaintiff claims Angeles was cited and pled guilty to making an unsafe lane change and is at fault for the accident. Legacy claims that Richards was at fault for the accident because he was highly intoxicated, and driving recklessly at a high rate of speed on the shoulder of the road. What is not disputed is that Dixon was airlifted from the accident to UMC where she was treated for life-threatening injuries.

The Complaint (ECF No. 1) in this case was filed July 17, 2015. The parties requested and received special scheduling review when the court approved a joint proposed Discovery Plan and Scheduling Order (ECF No. 23) on October 21, 2015. The initial discovery plan and scheduling order established an April 18, 2016 deadline for disclosure of experts, and a June 13, 2016 deadline for completing discovery. The parties requested and received two extensions of the discovery plan and scheduling order deadlines extending the deadline for disclosure of experts until May 31, 2016, and later to October 21, 2016. A third stipulation to extend the deadlines was filed by the parties on December 19, 2016 (ECF No. 39). At a hearing held on January 10, 2017, on their third request for extension, the court was dissatisfied with the parties' discovery progress and required the parties to schedule all remaining discovery and inform the court of what specific discovery was still needed to be completed as well as proposed schedule for completing that discovery. *See* Minutes of Proceedings (ECF No. 49). The court was also skeptical about defendants' claims they should receive another extension of the expert disclosure deadline because they had been unable to retain a trucking standard of care expert because their own client, Angeles, had not yet been deposed. The parties submitted a stipulated discovery plan and proposed order which the court approved extending the deadline for defendant to disclose a trucking standard of care expert until February 17, 2017. However, all other initial expert disclosures were closed.

This litigation has become increasingly contentious, and the court has decided many, many discovery disputes. It is apparent that there have been communication breakdowns among counsel

that have contributed to counsel imputing bad faith and ill motives to one another that have resulted in an inordinate amount of motion practice on matters counsel would ordinarily work out among themselves without judicial intervention.

**DISCUSSION**

In the current motion, plaintiff seeks to strike the testimony of Legacy expert witness Michael Dilich, or in the alternative, preclude him from testifying regarding the speed at which Ryan Richards was traveling at the time of the collision. Plaintiff argues the testimony is inadmissible under Fed. R. Evid. 702, and that the court should exercise its gatekeeping function to exclude his testimony. Both sides in this case retained an accident reconstructionist expert. Plaintiff argues that the opinions of defendants' expert, Michael Dilich, are not based on proper scientific principles and ignore "a massive amount of evidence" developed in deposition and other discovery in this case. His opinions are highly speculative and unreliable because they are contradicted by eyewitness testimony. Both the plaintiff and defendants' experts agree that neither can give reliable testimony regarding Richards' speed at the time of the collision because they lack the foundation to form such an opinion. This is because the NHP trooper investigating this accident testified there were no measureable skid marks and he did not call in a specialty team to assist in his investigation. The lack of physical evidence and Dilich's failure to consider critical eyewitness testimony, it is argued, should preclude his testimony.

Defendants oppose the motion arguing that expert testimony is admissible if it: (1) will assist the trier of fact to understand the evidence; (2) is based on sufficient facts and data; and (3) is the product of reliable methodology. Defendants assert Mr. Dilich's opinions and report meet this standard. Plaintiff's own accident reconstructionist, Mr. Jones, testified at his deposition about Richards' speed at the time of the collision. Mr. Jones testified that, assuming Richards' estimate of his own speed at a certain point was correct, his speed at the time of the accident would be in the area of 60-70 m.p.h. Mr. Dilich's opinion and analysis is based on Richards' testimony and other testimony. Defendants dispute that Mr. Dilich's opinions are contrary to, or fail to address, eyewitness testimony provided in this case.

Plaintiff replies that Leoncio Angeles was cited and pled guilty to making an unsafe lane change. The experts for both sides are unable to estimate Richards' speed at the time of the accident based on the lack of physical evidence. Trooper Tully, who investigated this accident, admits that he did not have enough skid marks at the scene to perform measurements to calculate speed at the time of the collision and therefore, his speed estimate was based solely on eyewitness testimony. Under these circumstances, the court should exclude Mr. Dilich's testimony pursuant to Rule 702.

Having reviewed and considered the moving and responsive papers and the arguments of counsel at the hearing, the court will deny the motion. The court has reviewed Mr. Dilich's report. The report opines that Richards' loss of control and crash could be reconstructed to some extent if there were sufficient measurements regarding the path of his vehicle on and off the shoulder and damage sustained to his vehicle. However, he acknowledges that he has no such measurements and does not know if they are available. He also agrees that there is no physical evidence to reconstruct whether or not Angeles swerved into the shoulder and caused Richards to lose control as Richards claims, or to reconstruct if the truck [tractor trailer] was even at the crash site, let alone Richards' loss of control. His report acknowledges that whether or not Angeles was a factor in Richards' loss of control depends on the validity of witness memory. His opinions regarding the speed of Richards' vehicle at the time of the collision are based on Richards' testimony concerning his speed at the time of the accident. In essence the report opines that *if* Richards' estimate of his speed is correct, applying the laws of physics and doing the math, the accident did not occur as Richards claims.

Both plaintiff's expert and defendants' expert agree that there was inadequate physical evidence collected at the accident scene to conduct an accident reconstruction. Both offer opinion testimony tailored to alternative scenarios suggested by conflicting eyewitness accounts. The court finds that whether or not Mr. Dilich has any admissible testimony to offer should be deferred until the time of trial. Given the admitted lack of physical evidence, and the parties' acknowledgement that the eyewitness testimony is essential and somewhat in conflict, the district judge will only be

able to determine whether Mr. Dilich has any admissible expert testimony to offer after hearing the foundational evidence at trial. Accordingly,

**IT IS ORDERED** that Plaintiff's Motion to Strike Legacy's Expert Witness Michael Dilich, or Alternatively, to Preclude Expert Testimony Regarding the Speed that Third-Party Defendant Ryan Richards was Traveling at the Time of the Collison [sic] Pursuant to FRE 702 (ECF No. 130) is **DENIED without prejudice** to filing a motion in limine to exclude or limit the scope of his testimony at trial.

DATED this 6th day of September, 2017.

PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE