UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

SARAH DIXON,

                Plaintiff,

v.

LEGACY TRANSPORTATION SYSTEMS, LLC, et al.,

                Defendants.

Case No. 2:15-cv-01359-JAD-PAL

ORDER

(Mot Strike – ECF No. 109)

Before the court is Defendants'/Third-Party Plaintiffs' Motion to Strike Plaintiff's Treating Providers or, Alternatively, to Preclude Plaintiff from Offering or Relying Upon any Expert Testimony from Any of Her Treating Providers in Support of any Motion, at any Hearing, or at Trial, and for Fees and Costs (ECF No. 109). The court has reviewed the motion, Plaintiff's Opposition (ECF No. 113), and Defendants//Third-Party Plaintiffs' Reply (ECF No. 123). The court also heard oral argument from counsel at a hearing conducted September 5, 2017. Eric Dobberstein appeared on behalf of plaintiff, Benjamin Carman appeared on behalf of defendant Ryan Richards, and Steven Jaffe and Jason Wigg appeared for the remaining defendants.

**BACKGROUND**

This case involves an August 13, 2013 multi-vehicle collision on I-15 south of Las Vegas between Jean and Primm, Nevada. Plaintiff Sarah Dixon ("Dixon") was a passenger in a 2009 Mitsubishi being driven by her then-boyfriend, defendant Ryan Richards ("Richards"). Both Dixon and Richards were in the United States Marine Corps at the time and returning to Camp Pendleton after a trip to Las Vegas. Defendant Leoncio Angeles ("Angeles") was driving a tractor trailer leased from defendant Legacy Transportation Systems, LLC ("Legacy"). The Mitsubishi and tractor trailer collided. The parties dispute who was at fault for the accident. Plaintiff claims

1

that Angeles suddenly pulled his tractor trailer into the emergency lane blocking the Mitsubishi being driven by Richards as Richards was in the process of trying to merge back into freeway traffic. Plaintiff clams Richards was forced out of the emergency lane to avoid hitting the tractor trailer, lost control, and swerved onto the freeway striking two vehicles before ending up stopped in the middle traffic lane. Plaintiff claims Angeles was cited and pled guilty to making an unsafe lane change and is at fault for the accident. Legacy claims that Richards was at fault for the accident because he was highly intoxicated, and driving recklessly at a high rate of speed on the shoulder of the road. What is not disputed is that Dixon was airlifted from the accident to UMC where she was treated for life-threatening injuries.

The Complaint (ECF No. 1) in this case was filed July 17, 2015. The parties requested and received special scheduling review when the court approved a joint proposed Discovery Plan and Scheduling Order (ECF No. 23) on October 21, 2015. The initial discovery plan and scheduling order established an April 18, 2016 deadline for disclosure of experts, and a June 13, 2016 deadline for completing discovery. The parties requested and received two extensions of the discovery plan and scheduling order deadlines extending the deadline for disclosure of experts until May 31, 2016, and later to October 21, 2016. A third stipulation to extend the deadlines was filed by the parties on December 19, 2016 (ECF No. 39). At a hearing held on January 10, 2017, on their third request for extension, the court was dissatisfied with the parties' discovery progress and required the parties to schedule all remaining discovery and inform the court of what specific discovery was still needed to be completed as well as proposed schedule for completing that discovery. *See* Minutes of Proceedings (ECF No. 49). The court was also skeptical about defendants' claims they should receive another extension of the expert disclosure deadline because they had been unable to retain a trucking standard of care expert because their own client, Angeles, had not yet been deposed. The parties submitted a stipulated discovery plan and proposed order which the court approved extending the deadline for defendant to disclose a trucking standard of care expert until February 17, 2017. However, all other initial expert disclosures were closed.

This litigation has become increasingly contentious, and the court has decided many, many discovery disputes. It is apparent that there have been communication breakdowns among counsel

1 that have contributed to counsel imputing bad faith and ill motives to one another that have resulted
2 in an inordinate amount of motion practice on matters counsel would ordinarily work out among
3 themselves without judicial intervention.

**DISCUSSION**

In the current motion, defendants seek to strike all of plaintiff's treating providers from offering any testimony, or in the alternative, to preclude plaintiff from offering or relying upon any expert testimony from any of her treating providers in support of any motion, at any hearing, or at trial. Defendants also ask for attorney's fees and costs for the necessity of filing this motion. Defense counsel states defendants initiated the meet-and-confer process on June 7, 2017. The following morning on June 8, 2017 at 4:43 a.m., defense counsel communicated with plaintiff's counsel indicating that if plaintiff's counsel did not agree by 1 p.m. that day that plaintiff would not call any of her treating physicians as witnesses or rely on their expert testimony, a motion to strike would be filed. Plaintiff's counsel responded at 12:20 p.m. on June 8, 2017, suggesting that the parties discuss the matter in Salt Lake City, apparently at a deposition the parties were scheduled to take in this case. However, on June 8, 2017, plaintiff filed a motion for summary judgment on the medical specials. As a result, defendants filed this motion.

Plaintiff filed and served initial disclosures on November 30, 2015, providing a lengthy list of treating providers. She served eight supplemental disclosures between January 29, 2016, and March 22, 2017. However, with respect to the description of her treating provider testimony, the disclosures were substantially identical. On February 18, 2016, plaintiff served Answers to Interrogatories. Interrogatory no. 10, asked for a list of each and every expert plaintiff reserved the right to call at the time of trial as well as the opinions of each of the providers, documents reviewed, and any report prepared. Plaintiff objected to this interrogatory, but copied and pasted her Rule 26(a)(1) disclosures. Plaintiff has never disclosed an expert report for any of her treating providers, identified the subject matter of their testimony as required by Rule 26(a)(2)(C) or provided a summary of their facts and opinions. The court should therefore strike all of plaintiff's treating providers as witnesses and disallow them from testifying. Discovery has now effectively closed except for a few court-approved depositions that required unexpected rescheduling.

3

Defendants claim it is impossible for them to prepare for treating provider testimony, and reopening discovery would result in additional motions, increased expense, and delay. The court should therefore exclude all of plaintiff's treating providers from testifying even as percipient witnesses because it would be grossly unfair to the defendants and undermine the practical effect of Rule 37(c)(1) sanctions.

Plaintiff opposes the motion arguing defendants have filed a number of "hypertechnical" motions based on hyperbole and exaggeration. Plaintiff also complains that the defendants have engaged in a pattern of constant threats and requests for sanctions and attorney's fees which are opposite of the professional tone attorneys should expect. Plaintiff acknowledges that she did not update her responses to Interrogatory No. 10 after the deadline for expert disclosures to indicate that her various physicians, nurses and physical therapists would not be called as expert witnesses. She acknowledges and regrets this error. However, plaintiff retained Dr. Kathleen Smith to be her medical expert witness in her case in chief. Dr. Smith has reviewed Sarah Dixon's ("Dixon") complete medical records and provided a 70-page report and supplemental report. Plaintiff intends to rely on Dr. Smith to provide expert testimony, and served a timely expert report for her opinions.

Plaintiff has consistently noted in her Rule 26(a)(1) disclosures that she intended to call her various treating physicians, nurses and physical therapists as well as the various custodians of record for her medical providers to provide testimony regarding the accuracy of the medical records and bills produced. To date defense counsel has declined to stipulate that the medical records produced in discovery are authentic and genuine. As a result, plaintiff is faced with having to call 45-50 custodians of record for her providers.

Plaintiff also argues that Defendant retained Dr. Mary Ann Shannon as a medical expert witness. Dr. Shannon has reviewed Dixon's complete medical records and billings and prepared three reports. The medical records provided by plaintiff as well as Dr. Shannon's reports indicate that defendants are well aware of all of the injuries plaintiff sustained, the billings for each of her medical providers including UMC, Desert Canyon Rehab Hospital, HealthSouth, and Camp Pendleton Medical Hospital. Plaintiff claims that she will call her treating physicians as lay witnesses rather than expert witnesses who will only testify as to what they learned during the

course and scope of treating the plaintiff. Because plaintiff's treating physicians are not expert witnesses, an expert report is not required unless the treating physician seeks to testify outside the scope of the treatment rendered. Plaintiff does not intend to call any treating providers to testify outside of the opinions reached during the course of treatment. Plaintiff's counsel has not provided any of the treating providers with any information outside of their treatment. She is only seeking testimony as to the treatment she received, the causal relation of that treatment to the injuries she suffered in the collision, and the reasonableness of that treatment and costs. The court should therefore deny the motion.

Defendants reply that plaintiff now makes the unusual and stunning announcement that all of her treating providers would offer expert opinions despite her Rule 26(a) statements. Her 26(a) statements indicated that her treating providers would provide testimony regarding "the causal relationship to the accident and the reasonableness of treatment." This is expert testimony. Plaintiff must prove legal causation, *i.e.*, (1) that her medical expenses were incurred as a result of the accident; and (2) that he expenses were actually and proximately caused by an act or omission; and (3) the expenses are reasonable in amount in the local community. It is simply not credible to believe that the plaintiff does not intend to rely upon any expert opinions or testimony from her treating providers. Plaintiff's opposition consists of a "conjured up strategy" to avoid the mandatory Rule 37(c)(1) sanctions. The court should therefore prevent plaintiff from calling any of her treating providers as witnesses in this case.

## I. Legal Standards

### A. Expert Report Requirements

Rule 26(a)(2) of the Fed. R. Civ. P. requires parties to "disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703 or 705." The Advisory Committee Notes to the 1993 Amendments to the Rules indicate that the disclosure requirements for expert testimony were intended to allow opposing parties to have a reasonable opportunity to prepare for effective cross-examination and arrange for expert testimony from other witnesses. *See* Adv. Comm. Notes to 1993 Amendments. The 2010

Amendments to the Federal Rules of Civil Procedure made significant changes to Rule 26(a)(2) and (b)(4) to address concerns about expert discovery.

The Federal Rules establish two different classes of experts: those who are retained or specially employed to give expert opinion testimony in a case, and those who are not retained or specially employed, but nevertheless may provide expert testimony under Federal Rule of Evidence 702, 703 or 705. Specially retained experts are required to comply with the Rule 26(a)(2)(B) report requirements. Witnesses who qualify to provide expert testimony based on their "knowledge, skill, experience, training or education" under Rule 702 are required to comply with the expert disclosure requirements of Rule 26(a)(2)(C).

**1. Retained Expert Report Requirements**

For each disclosed expert, Rule 26(a)(2)(B) requires that an expert witness disclosure be accompanied by a written report prepared and signed by the witness containing: (1) a complete statement of all opinions and the basis and reasons therefor; (2) the data or other information considered by the witness in forming the opinions; (3) any exhibits to be used as a summary of or support for the opinions; (4) the qualifications of the witness, including a list of all publications authored by the witness within the preceding ten years; (5) the compensation to be paid for the study and testimony; and (6) a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years. Fed. R. Civ. P. 26(a)(2)(B). An expert's report must be "detailed and complete." *Elgas v. Colorado Belle Corp.*, 179 F.R.D. 296, 300 (D. Nev. 1998) (quoting *Sierra Club v. Cedar Point Oil Co., Inc.*, 73 F.3d 546, 571 (5th Cir. 1996)). Expert reports are required in order to eliminate "unfair surprise to the opposing party and [to conserve] resources." *Elgas*, 179 F.R.D. at 299 (quoting *Reed v. Binder*, 165 F.R.D. 424, 429 (D.N.J. 1996)).

None of plaintiff's treating physicians were specially retained to give expert opinions in this case. Plaintiff's counsel specially retained a single expert, Dr. Kathleen Smith to offer opinion testimony. The reporting requirements of Rule 26(a)(2)(B) do not apply to the parties' current dispute.

/ / /

## 2. Non-Retained Expert Report Requirements

Fed. R. of Civ. P. 26(a)(2) requires written expert reports from witnesses "retained or specially employed to provide expert testimony in the case." Fed. R. Civ. P. 26(a)(2)(B). While a treating physician is often called as an expert witness at trial, he or she is not generally retained or specially employed for this purpose, but rather to treat a plaintiff for his or her medical complaints. In 2010, Rule 26 was amended to create Rule 26(a)(2)(C) and resolve the tension that sometimes prompted courts to require reports under 26(a)(2)(B) from witnesses exempted from the expert report requirement. The Advisory Committee's Note regarding this amendment states, in relevant part:

> Rule 26(a)(2)(C) is added to mandate summary disclosures of the opinions to be offered by expert witnesses who are not required to provide reports under Rule 26(a)(2)(B) and of the facts supporting those opinions. This disclosure is considerably less extensive than the report required by Rule 26(a)(2)(B). Courts must take care against requiring undue detail, keeping in mind that these witnesses have not been specially retained and may not be as responsive to counsel as those who have.
>
> …
>
> A witness who is not required to provide a report under Rule 26(a)(2)(B) may both testify as a fact witness and also provide expert testimony under Evidence Rule 702, 703, or 705. Frequent examples include physicians or other health care professionals and employees of a party who do not regularly provide expert testimony. Parties must identify such witnesses under Rule 26(a)(2)(A) and provide the disclosure required under Rule 26(a)(2)(C) . The (a)(2)(C) disclosure obligation does not include facts unrelated to the expert opinions the witness will present.

*See* Fed. R. Civ. P. 26(a)(2)(C), Advisory Committee's Note, 2010 Amendment, effective Dec. 1, 2010. The amended rule strikes a balance between requiring an expert report from a witness like a treating physician, who was not specially retained to provide expert testimony and requiring an opposing party to search through hundreds of pages of medical records in an attempt to guess at what expert testimony a treating physician might provide.

### B. Treating Physicians' Testimony

The Federal Rules of Civil Procedure and Federal Rules of Evidence regarding treating physician testimony have evolved over the years. The 1993 Advisory Committee Notes to Rule 26(a) observed that treating physicians are fact witnesses to the extent they provide testimony

arising out of their roles as actors in events giving rise to the litigation. Under the 1993 Amendments, to the extent treating physicians were fact witnesses, they were not regarded as experts for whom expert reports were required under 26(a)(2)(B). However, a treating physician who did not supply an expert report was not permitted to go beyond information learned or acquired, or opinions reached as a result of the treating relationship. After the 2010 amendments at least one court has found that the Federal Rules of Civil Procedure and Federal Rules of Evidence now recognize treating physicians as experts rather than lay witnesses. *Romanelli v. Long Island R. Co.*, 898 F. Supp. 2d, 626, 631 (S.D.N.Y. 2012).

In *Goodman v. Staples the Officer Superstore, LLC*, 644 F.3d 817 (9th Cir. 2011), the Ninth Circuit addressed, for the first time, when, if ever, a treating physician is required to prepare an expert report compliant with Rule 26(a)(2)(B). In *Goodman*, the Plaintiff tripped and fell in an Arizona office supply store and filed a complaint in state court alleging the store negligently allowed an unreasonably dangerous condition to exist which resulted in her fall and serious injuries. The case was removed to federal court based on complete diversity between the parties. Under Arizona law, causation is an essential element of a negligence claim. The district judge prohibited *Goodman's* medical experts from testifying about causation in plaintiff's case-in-chief because she did not comply with her Rule 26(a)(2)(B) report disclosure obligations. On appeal, the Ninth Circuit held that "when a treating physician morphs into a witness hired to render expert opinions that go beyond the usual scope of a treating doctor's testimony, the proponent of the testimony must comply with Rule 26(a)(2)." *Id*. at 819–20. However, because the law regarding "hybrid experts" was not settled, and because treating physicians are usually exempt from the requirement of providing written reports, the Ninth Circuit exercised its discretion to apply this clarification prospectively. *Id*.

In *Goodman*, the Ninth Circuit recognized that the general rule is that a treating physician is a percipient witness of the treatment rendered rather than an expert retained or specially employed to provide expert testimony. For this reason, a treating physician is ordinarily not subject to the written report requirements of Rule 26(a)(2)(B). *Id*. at 824 (citing Fed. R. Civ. P. 26(a)(2) Advisory Committee Note (1993)). However, the Ninth Circuit noted that district courts

in the circuit have limited treating physician testimony to opinions formed during the course of treatment when the party seeking admission of the testimony disclosed no expert report. *Id*. at 825.

Joining other circuits that had addressed the issue, the Ninth Circuit held "that a treating physician is only exempt from Rule 26(a)(2)(B)'s written report requirement to the extent that his opinions were formed during the course of treatment." *Id*. at 826. The *Goodman* decision found that the Plaintiff had retained a number of her treating physicians to render expert testimony beyond the scope of the treatment rendered, and that to form these opinions these doctors had reviewed information provided by Goodman's attorney that the doctors had not reviewed during the course of their treatment. For these reasons, the Ninth Circuit agreed with the district court that these doctors fell outside the scope of the "treating physician" exception, and under Rule 26(a)(2)(B), written reports were required.

### C. Scope of Treating Physician Opinion Testimony

Disputes often arise about what expert opinions treating physicians may offer without providing a Rule 26(a)(2)(B) compliant report. The majority of these disputes involve whether a treating physician may offer expert opinions on causation, disability, the need for future surgery and treatment, and the cost of future care, treatment, and surgery. Before the 2010 Amendments to Rule 26(a)(2) the majority of courts in the country concluded that 26(a)(2)(B) reports were not required for treating physicians expressing opinions as to causation, diagnosis and prognosis, and the extent of disability to the extent those opinions were based on treatment of the patient. *Sprague v. Liberty Mut. Ins. Co.,* 177 F.R.D. 78, 81 (D.N.H. 1998) (collecting cases) ("The majority of other courts in the country have concluded that Rule 26(a)(2)(B) reports are not required as a prerequisite to a treating physician expressing opinions as to causation, diagnosis, prognosis, and extent of disability where they are based on the treatment.").

Two published decisions in this district have held that treating physicians are exempt from the Rule 26(a)(2)(B) report requirements even when offering opinions on causation, diagnosis, prognosis and the extent of disability. In *Piper v. Harnischfeger Corp.*, 170 F.R.D. 177, (D. Nev. 1997) Magistrate Judge McQuaid rejected arguments that a treating physician was limited to

"factual percipient observations" and was required to provide a Rule 26(a)(2)(B) report to give opinions on such matters as causation, future treatment, the extent of disability "and the like." *Id.* at 174-175. The court found this view was too narrow and Rule 26(a)(2)(B) was not that restrictive stating:

> It is common practice for a treating physician during, and as a part of, the course of treatment of a patient to consider things such as the cause of the medical condition, the diagnosis, the prognosis, and the extent of disability caused by the condition, if any. Opinions such as these are a part of the ordinary care of the patient and do not subject the treating physician to the extensive reporting requirements of Fed. R. Civ. P. 26(a)(2)(B).

*Id.* at 175. The *Harnischfeger* case cited a number of other federal district court decisions that had reached a similar conclusion.

In *Elgas v. Colorado Belle Corp.*, 179 F.R.D. 296 (D. Nev.1998), Magistrate Judge Johnston followed *Harnischfeger* holding that the expert report requirements of Rule 26(a)(2)(B) only apply to experts who are retained or specially employed to provide expert testimony. *Id.* at 297. The court agreed with the *Harnischfeger* decision that a treating physician's opinion on matters such as causation, future treatment, and extent of disability and the like "are part of the ordinary care of the patient" and therefore a treating physician may testify regarding these matters without being subject to the extensive reporting requirements of Rule 26(a)(2)(B). *Id.* However, *Elgas* also found that a party could not avoid the Rule 26(a)(2)(B) requirements "by simply indicating that her expert is a treating physician." *Id.* at 299. Quoting *Hall v Sykes*, 164 F.R.D. (E.D. Va 1995) the court found that a Rule 26(a)(2)(B) report would be required from a treating physician "retained or employed to render a medical opinion based on factors that were not learned during the course of the treatment of the patient" (internal quotations omitted).

In *Elgas*, the plaintiff designated a doctor who had never seen the plaintiff, but was the directing physician at the medical clinic that plaintiff visited. The doctor was consulted and directed the work of a nurse practitioner who did treat the plaintiff. The court held that the doctor had knowledge of the plaintiff's medical condition through consultation, and therefore qualified as a treating physician who was not subject to the Rule 26(a)(2)(B) requirements. However, the

court held that the doctor "should not be allowed to render a medical opinion based on factors that were not learned in the course of his limited treatment of the Plaintiff at his clinic." *Id.* at 300.

*Goodman, Piper, and Harnischfeger* were decided before the 2010 Amendments to Federal Rule of Civil Procedure 26(a)(2) which now require 26(a)(2)(C) reports for experts, like treating medical providers, who provide expert testimony under Federal Rule of Evidence 702, 703 or 705. In *Goodman* the Ninth Circuit relied on the Sixth Circuit's decision in *Fielden v. CSX Transportation, Inc.*, 482 F.3d 866 (6th Cir. 2007). There, the Sixth Circuit held that "a report is not required when a treating physician testifies within a permissive core on issues pertaining to treatment, based on what he or she learned through actual treatment and from the Plaintiff's records up to and including that treatment." *Id.* at 871. The Ninth Circuit concluded that *Fielden* "does not stand for the proposition that a treating physician *never* has to disclose an expert report." 644 F.3d at 825. In *Fielden*, the court found that evidence in the record showed the physician had formed his causation opinion during the course of treatment. However, the *Fielden* decision distinguished testimony regarding causation that pertains to the treatment of the patient from causation testimony prepared in anticipation of litigation.

The Ninth Circuit also relied on the Seventh Circuit's decision in *Meyers v. Nat'l R.R. Passenger Co.*, 619 729, 734-35 (7th Cir. 2010) which held that an expert report is required when a treating physician is offered to provide testimony concerning the cause of the plaintiff's injury, but did not make that determination in the course of providing treatment. *Goodman* noted that the Eighth Circuit "goes further, requiring disclosure of a written report anytime a party seeks to have a treating physician testify as to *causation* of a medical condition, as opposed to merely the existence of the condition." 644 F.3d at 825 (emphasis in original), (citing *Brooks v. Union Pacific R.R. Co.,* 620 F.3d 896, 900 (8th Cir. 2010). *Goodman* also cited district court decisions within the circuit that "have limited treating physician testimony to opinions formed during the course of treatment when the party seeking admission of the testimony disclosed no expert report." *Id.*

Since Goodman was decided a number of lawyers have argued that a Rule 26(a)(2)(B) report is required any time a treating provider offers expert opinion testimony. However, *Goodman* did not hold that any time a treating physician offers expert opinions a Rule 26(a)(2)(B)

11

report is required. Rather, it found that the plaintiff had retained a number of her treating physicians to render opinions outside the scope of her treatment, and that they had considered medical records and information provided by her attorneys that they had not reviewed during the course of treatment. A footnote in the decision describes the extensive materials provided by plaintiff's counsel, and the request by counsel to opine on injuries caused by Goodman's fall "NOT ONLY based on your own observations but also based on your understanding of the patient's medical records as well." 644 f 3d 826 n. 2.

The court concludes *Goodman* did not adopt the Eighth Circuit's approach of requiring a Rule 26(a)(2)(B) report any time an expert offers expert opinions. Rather, it joined the Sixth and Seventh Circuits that have held expert reports are required when a treating provider is used to render opinions not reached during the course of treatment. It cited, but did not criticize, a number of district court decisions in this circuit that have "limited treating physician testimony to opinions formed during the course of treatment when the party seeking admission of the testimony disclosed no expert report." 644 F 3d. at 825. After citing these cases *Goodman* announced its holding that "treating physicians are only exempt from Rule 26(a)(2)(B)'s written report requirement to the extent that his opinions were formed during the course of treatment." *Id.* at 826. The court in *Lutrell v. Novartis Pharmaceuticals Corp.*, 894 F. Supp. 2d. 1324 (E.D. Wash. 2012) reached the same conclusion. Applying *Goodman* it found "a treating physician may be allowed to opine even as to causation if the opinion was formed during the course of providing treatment, regardless of submission of an expert report." *Id.* at 1333.

To summarize, before the 2010 Amendments to Rule 26(a)(2), the majority of courts held that treating physicians providing opinions on causation, diagnosis, prognosis and the extent of disability were not required to provide Rule 26(a)(2)(B) reports if their opinions were formed during the course of treating their patients. However, if a treating physician's opinions are based on information provided by an attorney or others that were not reviewed during the course of treatment, a Rule 26(a)(2)(B) report was required "insofar as their additional opinions are concerned." *Goodman*, 644 F.3d at 826. The 2010 Amendments to Rule 26(a)(2) now mandate non-retained experts, like treating medical providers who offer opinions based on their

12

"knowledge, skill, experience, training or education" under Fed. R. Evid. 702, 703 or 705 to make the disclosures required by Rule 26(a)(2)(C). Rule 26(a)(2)(C) requires disclosures of "the subject matter on which the written witness is expected to present evidence under Fed. R. Evid. 702, 703 or 705;" Rule 26(a)(2)(C)(i), and "a summary of facts and opinions to which the witness is expected to testify." Rule 26(a)(2)(C)(ii). "The 26(a)(2)(C) disclosure obligation does not apply to facts unrelated to the expert opinions the witness will present." Advisory Committee Notes (2010). A treating physician is still a percipient witness of the treatment rendered and may testify as a fact witness and also provide expert testimony under Fed. R. Evid. 702, 703 and 705.

After the 2010 Amendments to Rule 26(a), parties are required to identify the subject matter on which hybrid experts like treating physicians are intended to offer testimony as well as a summary of their facts and opinions. The reporting obligations are less onerous than the ones required by Rule 26(a)(2)(B) for retained experts. However, they are mandatory. Defendants are correct that Rule 37(c)(1) sanctions are mandatory unless the failure to timely disclose the expert information required by Rule 26(a)(2)(C) was substantially justified or harmless.

Here, Plaintiffs' initial and supplemental disclosures clearly do not comply with the disclosure requirements of Rule 26(a)(2)(C). However, counsel for defendants did not request plaintiff to supplement her February 2016 answer to interrogatory or raise any issue regarding the adequacy of plaintiff's disclosures until June 7, 2017 when counsel gave opposing counsel less than 24 hours to stipulate plaintiff would not call any of her treating providers to testify indicating that otherwise a motion would be filed. Plaintiff's counsel agreed to discuss the matter in Salt Lake City where the parties were scheduled to depose a witness in this case. However, this motion was filed before the parties could discuss the matter at all.

The court finds that plaintiff's failure to provide the information required by Rule 26(a)(2)(C) is not substantially justified. However, under the circumstances of the case, the plaintiff's failure to provide the information required by Rule 26(a)(2)(C) is or with appropriate remedial action may be rendered harmless. Plaintiff provided the defendants with a 70-page expert report outlining all of the treatment plaintiff received arising out of this accident, as well as the medical bills and all treatment plaintiff received and opinions regarding their causal relationship

to the accident. As explained in another decision arising out of the series of motions the court heard on September 7, 2017 there is no question defense counsel knows exactly what injuries plaintiff claims arise out of this accident, who treated the plaintiff, what treatment she received and the cost of that treatment. Defendants' retained expert, Dr. Shannon, prepared an initial and two supplemental reports. She conducted a medical records review which described the injuries plaintiff was treated for during emergent and follow up care, describing her treatment as conservative. Dr. Shannon's three reports clearly show that defendants know exactly what injuries plaintiff received as a result of this accident, where she treated, and the amount of the bills incurred. Additionally, the defendants made no genuine effort to remedy plaintiff's failure to provide the information required until after the discovery cutoff in this case although they had ample time to seek the information required by Rule 26(a)(2)(C) as well as to request a supplemental answer to Interrogatory No. 10.

During oral argument counsel for plaintiff reiterated arguments that he intended to rely on Dr. Smith's expert opinions but intended to call treating providers as "lay witnesses" concerning their care of the plaintiff. All of the providers and custodians of records for each were listed because defense counsel declined a request to stipulate that the medical records produced in discovery were genuine, authentic and business records. Defense counsel conceded that he had declined to stipulate because he thought plaintiff should be precluded from calling any providers for the reasons stated in this and other motions. However, it is his general practice not to require opposing counsel to call custodians so as not to waste the time and resources of the parties and the court.

An opposing party is entitled to an expert disclosure from a non-retained expert, including treating providers that identifies what opinions will be offered, and the bases for those opinions. Rule 26(a)(2)(B) and Rule 26(a)(2)(C) share the same common purpose: to prevent unfair surprise and to conserve resources.

Having reviewed and considered the voluminous moving and responsive papers and supporting exhibits, and the arguments of counsel at the hearing, the court finds that plaintiff has failed to comply with the requirements of Rule 26(a)(2)(C) with respect to the treating providers

she intends to call at trial. However, preclusion of all of plaintiff's treating providers is simply too harsh of a sanction under the circumstances. Rather than request that plaintiff supplement her discovery responses to provide the information required by Rule 26(a)(2)(C), defendants waited nearly four months, until after the close of discovery, to attempt to exclude all of plaintiff's treating physician testimony. The court will therefore limit the number of providers who may provide testimony, limit their testimony to treating physician/percipient testimony and opinions formed during the course of treatment, and require plaintiff to serve supplemental disclosures for those providers that fully comply with the requirements of Rule 26(a)(2)(C).

**IT IS ORDERED:**

1. Defendants'/Third-Party Plaintiffs' Motion to Strike Plaintiff's Treating Providers or, Alternatively, to Preclude Plaintiff from Offering or Relying Upon any Expert Testimony from Any of Her Treating Providers in Support of any Motion, at any Hearing, or at Trial, and for Fees and Costs (ECF No. 109) is **GRANTED** to the extent that:
    a. Plaintiff is limited to calling a single ER treating physician, a single Mercy Air provider, a single occupational therapist, and a single physical therapist.
    b. Plaintiff's treating providers may provide testimony as percipient witnesses to the treatment of the plaintiff, and to render opinions formed during the course of their treatment, which may include causation, future treatment and the extent of disability to the extent those opinions were formed during the course of treatment.
2. Plaintiff shall have until **September 12, 2017**, to serve opposing counsel with a list of the four providers plaintiff elects to testify at trial within the limitations imposed by the court along with a supplemental disclosure that fully complies with the requirements of Rule 26(a)(2)(C).
3. The four provider limitation does not preclude plaintiff from calling custodians of record witnesses in the event defense counsel declines to stipulated medical records produced in discovery are genuine, authentic and business records.

4. The court will conduct a follow up status and dispute resolution conference to address any remaining issues regarding plaintiff's Rule 26 (a)(2)(B) disclosures, including any request to depose these four witnesses before the October 11, 2017 mandatory settlement conference on **September 25, 2017, at 10:30 a.m., in Courtroom 3B.**

DATED this 11th day of September, 2017.

                                                        PEGGY A. LEEN
                                                       UNITED STATES MAGISTRATE JUDGE