# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

SARAH DIXON,

    Plaintiff

v.

LEGACY TRANSPORTATION SYSTEMS, LLC; ANGELES TRANSPORTATION, LLC; and LEONCIO ANGELES

    Defendants

2:15-cv-01359-JAD-PAL

**Order Affirming Magistrate Judge Order and Denying Motion for Reconsideration**

[ECF No. 69]

    Plaintiff Sarah Dixon sues defendants Legacy Transportation Systems, LLC; Angeles Transportation, LLC; and Leoncio Angeles (hereinafter "Legacy") for injuries that she allegedly sustained from a car crash.[1] Legacy asks me to reconsider Magistrate Judge Peggy Leen's order[2] denying in part its motion to exclude three of Dixon's expert witnesses.[3] Because I find that Legacy has not shown that Judge Leen's order is clearly erroneous or contrary to law, I deny the motion.

## Background

    In early 2016, Dixon filed expert disclosures in which she disclosed Chris P. Reyes, a vocational analyst; and Joseph T. Crouse, a labor economist.[4] Both Reyes and Crouse are employed by Vocational Economics, Inc.[5] Reyes and Crouse's opinions were contained in one 44 page report; approximately 6 of those pages were authored by Reyes, 1 was authored by

---

[1] ECF No. 3.

[2] ECF No. 68.

[3] ECF No. 69.

[4] ECF No. 42 at 4.

[5] ECF No. 70 at 4, 6.

1

Crouse, 9 pages were a bibliography, and the remaining pages contained boilerplate language setting out vocational economic methodology that was not written by either expert.[6] Reyes testified that Vocational Economics instructs all experts to insert the boilerplate language into their expert reports concerning personal-injury cases like this one.[7]

Reyes's portion of the report provides three potential scenarios for Dixon's future employability post-injury.[8] Reyes relied primarily on a phone interview with Dixon, and also reviewed her deposition and medical, military, and high school records to form his opinions.[9] Legacy moved to strike Reyes as an expert witness because (1) his three employment scenarios were speculative and did not indicate which scenario was more likely, "leaving the jury to derive any conclusions"; (2) his opinions were based on insufficient facts and data because Reyes "failed to consider all of the relevant facts from Plaintiff's deposition testimony, which contradict the validity" of the three scenarios in his report; (3) the boilerplate language in the report was not "prepared" by Reyes and therefore the report did not comply with Federal Rule of Civil Procedure 26; and (4) Dixon's failure to comply with FRCP 26 was neither justified nor harmless.[10]

Crouse analyzed Dixon's loss of earning capacity for each of the scenarios that Reyes identified and calculated her total pension loss.[11] Crouse did not interview Dixon or review her deposition testimony.[12] Legacy moved to strike Crouse's expert opinion, arguing that (1) his opinions were speculative, (2) the boilerplate language in the report was not "prepared" by

---

[6] ECF No. 69 at 3.

[7] ECF No. 70-1 at 11–12 (Deposition of Chris Reyes).

[8] ECF No. 69-1 at 4 (Vocational Economics' Expert Report).

[9] ECF No. 70-1 at 18–19.

[10] ECF No. 42 at 11.

[11] ECF No. 69-1 at 7–8; ECF No. 69-2 at 73 (Deposition of Joseph Crouse).

[12] ECF No. 69-2 at 11.

Crouse, and (3) his opinions were based on insufficient data because he relied on Reyes's findings without independently considering Dixon's deposition testimony.[13]

On October 21, 2016, the deadline for expert disclosures, Dixon disclosed Kathleen Smith, MD, as an expert physician.[14] Smith's 70-page report consists of summarized treatment notes with small comment sections interjected throughout, and one "final comments" section toward the end of the report providing Smith's concluding opinions on Dixon's injuries and the adequacy and necessity of the care that she received after the accident.[15] The report was not signed by hand, but includes a typed signature at the end of the "final comments" section.[16] Legacy moved to strike Smith's expert opinion, arguing that the expert report violates FRCP 26 because (1) it was not properly signed, and (2) its unorthodox structure did not put Legacy on notice of what opinions Smith would be testifying about at trial, resulting in severe prejudice.[17]

On January 26, 2017, Magistrate Judge Leen granted in part Legacy's motions to strike Reyes, Crouse, and Smith to the limited extent that Dixon agreed not to seek admission of the expert reports as evidence, because portions of the report contained legal conclusions.[18] She denied in part the motions to preclude the expert witnesses from testifying at trial without prejudice to the ability to move to limit specific portions of testimony at trial.[19]

## Discussion

**A.     District judge review under 28 U.S.C. § 636(b)(1)(A)**

A district judge may reconsider any pretrial order of a magistrate judge if it is "clearly

---

[13] ECF No. 43 at 3.

[14] ECF No. 44 at 3.

[15] *See* ECF No. 69-4 (Smith's Expert Report).

[16] *Id.* at 66.

[17] ECF No. 44 at 3.

[18] ECF No. 68.

[19] *Id.*

erroneous or contrary to law."[20] The clearly erroneous standard applies to a magistrate judge's findings of fact.[21] "A finding is clearly erroneous when[,] although there is evidence to support it, the reviewing body on the entire evidence is left with the definite and firm conviction that a mistake has been committed."[22] A magistrate judge's order "is contrary to law when it fails to apply or misapplies relevant statutes, case law[,] or rules of procedure."[23] The district judge "may affirm, reverse, or modify" the ruling made by the magistrate judge, or remand the ruling to the magistrate judge with instructions.[24]

**B.    FRE 702**

Federal Rule of Evidence 702 governs the admissibility of expert-witness testimony.[25] One requirement for admissibility is that the expert's knowledge "will help the trier of fact to understand the evidence or to determine a fact in issue."[26] Essentially, this is a relevancy requirement. Evidence is relevant under FRE 401 if it "has any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action."[27] FRE 702 also requires that expert-witness testimony is "based on sufficient facts or data," is the "product of reliable principles and methods," and that the "expert has reliably applied the principles and methods to the facts of the case."[28]

---

[20] 28 U.S.C. § 636(b)(1)(A).

[21] *Concrete Pipe & Prods. of Cal., Inc., v. Constr. Laborers Pension Trust*, 508 U.S. 602, 623 (1993).

[22] *Id.* at 622 (internal quotation marks and citation omitted).

[23] *Yent v. Baca*, 2012 WL 32810316, at *2 (C.D. Cal. 2002).

[24] LR IB 3-2.

[25] Fed. R. Evid. 702.

[26] Fed. R. Evid. 702(a).

[27] Fed. R. Evid. 401.

[28] Fed. R. Evid. 702(b)–(d).

4

## C. FRCP 26

Federal Rule of Civil Procedure 26 requires that disclosure of an expert witness "be accompanied by a written report—prepared and signed by the witness—if the witness is one retained or specially employed to provide expert testimony in the case . . . ."[29] Among other things, the report must contain "a complete statement of all opinions the witness will express and the basis and reasons for them."[30]

## D. Magistrate Judge Leen's ruling is not clearly erroneous or contrary to law.

### 1. Reyes and Crouse

Magistrate Judge Leen's decision to deny Legacy's motion to strike Reyes and Crouse was not clearly erroneous. First, Legacy's argument that the experts did not "prepare" the boilerplate language in the report is unavailing. By signing the entirety of the report, Reyes and Crouse adopted the scientific methodology contained in the boilerplate language. Indeed, the first, signed page of the report specifically states that the boilerplate "vocational economic rationale" section contained in the report "presents the methodology employed in assessing Dixon's lost earnings."[31] Legacy had the opportunity to ask Reyes and Crouse during their depositions if they did not understand or endorse the language contained in the report, but Legacy chose not to do so.[32] Judge Leen did not clearly err in finding that the expert report did not run afoul of FRCP 26's requirement that an expert report be "prepared" by the expert.

Second, Judge Leen did not clearly err by determining that Reyes relied on sufficient data in forming his opinions. Reyes interviewed Dixon and reviewed her deposition testimony as well as her medical, high school, and military records.[33] Legacy's assertion that Reyes ignored

---

[29] Fed. R. Civ. P. 26(a)(2)(B).

[30] Fed. R. Civ. P. 26(a)(2)(B)(i).

[31] ECF No. 69-1 at 2.

[32] Motion Hearing before Judge Leen at 10:56:35 to 10:57:50.

[33] ECF No. 69-1 at 4.

or failed to consider Dixon's deposition testimony is unfounded. Reyes testified that he read Dixon's deposition in its entirety and compared her testimony with the information obtained from his interview with her.[34] The fact that Reyes relied more heavily on a recent interview than Dixon's deposition testimony does not indicate that he completely ignored the rest of the record. Legacy's attempt to buttress this argument by claiming that, had Reyes properly considered Dixon's deposition he would have included other employment scenarios, is similarly unavailing. If Legacy disagrees with the report's conclusions, counsel can cross-examine Reyes as to why a potential fourth scenario was not included. Such cross-examination goes to weight of the expert opinion, not to admissibility.

Neither did Judge Leen err by determining that Crouse's portion of the report was based on sufficient data. Crouse based his calculations on Reyes's vocational analysis, as well as statistics relevant to Dixon's pension loss.[35] Legacy's argument that Crouse could have formed his own opinions about which of Dixon's employment scenarios is more likely if he had reviewed Dixon's records misses the mark. Crouse was not offered as a vocational expert. Crouse's role as an economic expert does not give him the expertise to opine on possible employment scenarios. He relied on Reyes's expert vocational findings, as well as available national statistics, to calculate Dixon's earnings capacity and pension loss. Judge Leen did not err in concluding that data was sufficient.

Third, the report is not so speculative that it will be of no assistance to a jury. Reyes analyzed the relevant available data to determine a limited set of potential employment scenarios specific to Dixon's employment goals as expressed in her deposition and interview, her education level, and her post-injury physical disabilities. The report provided the methodologies and reasoning used to calculate the three most likely scenarios for Dixon's future employment. The jury can rely on those methodologies and reasoning, in conjunction with the other evidence introduced at trial, to determine for itself which scenario is most likely. It cannot be expected

---

[34] ECF No. 70-1 at 18–19.

[35] *See* ECF No. 69-1 at 7–8.

that Reyes be able to pinpoint with absolute certainty which of the scenarios is most likely to occur in the future. It is sufficient that Reyes used standard methodologies and relevant facts to determine a limited number of likely scenarios.

In short, the report relied on sufficient facts and is the product of reliable methodology. As experts in their respective fields, Reyes and Crouse were entitled to weigh the data as they see fit. Legacy is also entitled to test the conclusions in the report with vigorous cross-examination and to present rebuttal expert testimony to attack them.[36] I find that Judge Leen did not err in denying Legacy's motion to strike the testimony of experts Reyes and Crouse.

### 2. Smith

The purpose of expert reports is to eliminate "unfair surprise to the opposing party and [to conserve] resources."[37] Smith conducted a thorough review of Dixon's medical records and offered detailed opinions regarding Dixon's injuries and the care that she received. Despite the untraditional format in which her opinions were given, her conclusions were clear enough to avoid unfair surprise. Smith unequivocally opined that Dixon's injuries were severe and that the care she received was both adequate and necessary.[38] Judge Leen did not clearly err by finding that Smith's report gave Legacy sufficient notice of her opinions.

Legacy's technical argument concerning Smith's electronic signature also fails. Dixon's counsel stated in open court and in his response to Legacy's motion that Smith electronically signed the document and that she could easily attach a handwritten signature if necessary. Legacy has since deposed Smith and asked specific questions about her initial report without

---

[36] *See Daubert v. Merell Dow Pharms., Inc.*, 509 U.S. 579, 595 (1993) ("Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence.").

[37] *Elgas v. Colorado Belle Corp.*, 179 F.R.D. 296, 300 (D. Nev. 1998) (quoting *Sierra Club v. Cedar Point Oil Co., Inc.*, 73 F.3d 546, 571 (5th Cir. 1996)); *see also Walsh v. Chez*, 583 F.3d 990, 994 (7th Cir. 2009) (purpose of expert report "is not to replicate every word that the expert might say on the stand" but "to convey the substance of the expert's opinion").

[38] *See* ECF No. 69-4 at 66.

calling into question its authorship, implicitly affirming that Legacy believes that the report was, in fact, authored by Smith. Judge Leen did not err by determining that this technical flaw was not severe enough to warrant striking Smith's expert testimony.

### Conclusion

Accordingly, IT IS HEREBY ORDERED that Legacy's motion for reconsideration **[ECF No. 69] is DENIED**. Magistrate Judge Leen's order denying in part Legacy's motions to exclude expert witnesses Reyes, Crouse, and Smith **[ECF No. 68] is AFFIRMED.**

DATED: September 19, 2017.

_____
U.S. District Judge Jennifer A. Dorsey